**CITY OF PERRYVILLE,**
Missouri, Appellant,

v.

**Anton STARK, Respondent.**

No. 49884.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 30, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
July 29, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Buerkle, Beeson & Ludwig, David G. Beeson, Stephen C. Wilson, Jackson, Mo., for appellant.

Dennis C. Brewer, Perryville, Mo., for respondent.

CRIST, Judge.

The City of Perryville (City) appeals from the judgment of the trial court entered upon a jury verdict awarding Anton Stark (owner) $7,200 damages in this proceeding to take, by eminent domain, an easement in owner's land. We affirm.

By a petition filed on May 17, 1983, City sought to obtain an easement to install a 15-inch sewer line. The easement was to be 20 feet wide and 829.46 feet long. Additionally, they sought a 50-foot wide temporary construction easement. Commission-ers were duly appointed and made an award of $5,700. City filed exceptions to the report of the Commissioners and the question was tried to a jury.

The evidence established the sewer line was to be located across a 9-acre field bordered by a creek which was part of a tract of land of approximately 25 acres. This field is a bottom field, which floods periodically, and therefore is only suited for use as a pasture, albeit a highly produc-tive one. The tract also has a hill, some road frontage, a barn and a house. Due to the road frontage and the nearness of the tract to City, it was argued the land was suited for residential development; and it would be specially benefited by the pres-ence of the sewer. However, the testimo-ny of owner and his appraiser, which ap-pears to have been accepted by the jury, was the topography of the tract dictated farming as its highest and best use.

Owner's appraiser testified the land tak-en was worth approximately $3,000 an acre or $2,826, based upon a 50-foot wide ease-ment; and the damages to the rest of the property were set at $2,400. Owner, who did not offer an estimate of the value of the land taken, testified he was deprived of the whole 9-acre field due to the construc-tion. Due to this deprivation, he was un-able to pasture livestock in that field and was forced to sell the stock, which would have gained weight valued at approximate-ly $2,000 if he had been able to pasture the stock in that field. City's appraisers val-ued the easement at $1,800 per acre or $680 for the permanent easement; loss of use of the entire 9-acre field for two years at $65 rent per acre per year, or $1,170; and damages to the rest of the property of $1,650, for total damages of approximately $3,500. They then subtracted special bene-fits of $100 an acre due to the presence of the sewer, or $2,550, for a total damage of $950. The jury awarded $7,200. City ap-peals, claiming error in the refusal of an amendment to the petition, in the admission of the testimony of owner and his apprais-er, and the verdict was not supported by

substantial admissible evidence. We affirm.

It is apparent no prejudice resulted from the refusal of the court to allow City leave to amend the petition. On the morning of the trial, City proffered two additional paragraphs for its petition. The first paragraph stated the easement was for an underground sewer and reserved the use of the surface of the land to the owner. This amendment was accepted. City also proffered an amendment purporting to bind the City to pay for any damages caused to the surface of the land by exercise of its rights to enter the easement. City assigns the refusal of this second amendment as error.

■■■ Refusal of an amendment to a petition in a condemnation action, when the amendment would reduce the amount of the taking by City, is error. *Jackson County v. Hall,* 558 S.W.2d 791, 793–94 (Mo.App.1977). However, assuming this amendment would, in fact, have reduced the taking, we can find no prejudice resulted to City by refusal of leave to amend the petition. Owner's appraiser averted once to the lack of such a provision as a factor to be considered in estimating owner's damages; otherwise, the evidence and argument concerned the right of access, and made no mention of damages resulting from the exercise of that right. It appears the evidence presented and instructions given would not have been altered by the presence of the amendment in the petition. Finally, notwithstanding the amendment, the possibility of damages resulting from City's future exercise of its right to entry is a matter which would have been material to a willing buyer in deciding how much he would be willing to pay for the property, regardless of any such promise by the City to pay for such damages. *Northeast Missouri Electric Power Cooperative v. Cary,* 485 S.W.2d 862, 866 (Mo.App.1972); *see Southwestern Bell Telephone Co. v. Webb,* 393 S.W.2d 117, 120–21 (Mo.App.1965). We perceive no prejudice to City, as required by Rule 84.13(b), and deny the point.

■■ City also claims error in the admission of owner's testimony concerning the damages caused by loss of use of the field. Owner testified he lost the use of a highly productive field, and his loss amounted to $2,000. City agrees he lost the use of the whole 9-acre field for two years, rather than just the 50-foot wide temporary construction easement, but claims the only valid value of damages would be rental value, and figured his loss at $65 per acre per year rental value. Owner's evidence, and the inferences drawn therefrom, created a sufficient showing the value of this land as a pasture was solely attributable to inherent qualities in the land and not to any labor expended by owner or due to any skill owner possessed, that the land was unsuited to any other use, and its value was largely attributable to the land and its inherent productivity. Therefore, we find no error in admitting testimony showing the loss of such productivity relating to its rental value. *City of St. Louis v. Union Quarry and Construction Co.,* 394 S.W.2d 300, 305–6 (Mo.1965).

City also attacks the testimony of owner's appraiser, claiming his testimony was improperly based upon a permanent taking, not only a temporary taking, of the construction easement. His testimony as to the damages accrued by owner is also challenged on the grounds he improperly considered the easement to be for general utility purposes, that owner would be forced to repair any damage he did to the sewer line, and that owner was an unwilling seller. We are, once again, unable to discern any prejudice to the City by the admission of this testimony and therefore overrule the point.

■■ In paragraph eight of its petition, City sought to condemn "a 20 foot wide permanent easement and a 50 foot temporary easement to construct, maintain and repair utilities." While the rest of the petition evidences an intention to condemn an easement for sewer purposes, and we believe the petition as a whole can most reasonably be read to be so limited, to read this part of the petition as calling for a general utilities easement was not unreasonable on the part of owner's appraiser.

Likewise, there was no temporal restriction pled as to the 50-foot easement. While we believe City intended to use the 50-foot easement solely for the purposes of construction, and was to use the 20-foot easement permanently condemned for purposes of maintenance and repair of the sewer, again, the interpretation of the language of the petition by owner's appraiser was not totally unreasonable. If this testimony was in error, the error was precipitated by the wording of City's petition, and City should not be heard to complain.

■ Second, City alleges there was no evidence owner would be forced to pay for repairs to the sewer. This contention misses the mark; appraiser was not testifying concerning general repairs to the sewer but rather concerning owner's responsibility in case he damaged the sewer. Also, as City did not object to this testimony at trial, the issue was not preserved for review. *See Travelers Indemnity Co. v. Woods*, 663 S.W.2d 392, 399 [17] (Mo.App.1983).

■ Finally, City claims it was improper for the appraiser to consider owner's unwillingness to sell the property. The owner's willingness or unwillingness to sell is not a proper consideration in assessing damages in a condemnation action, *Mayor, etc. of City of Liberty v. Boggess*, 321 S.W.2d 677, 681–2[5] (Mo.1959), and it is improper to admit testimony based in part upon that consideration. *Id.* However, we can see no prejudice resulted to City. The extent, if any, to which this factor affected appraiser's testimony is not apparent in the record, and it was not a subject of cross-examination. City only points to one such reference, and the matter was not exploited during argument. Finally, it appears the jury was properly instructed as to the definition of fair market value, using MAI–3rd 16.02. Therefore, no prejudice is apparent, and we overrule the point.

■ In its last point, City claims the verdict was not supported by substantial evidence, because owner's evidence was erroneously admitted. We have ruled the admission of this testimony was either proper or not prejudicially erroneous. The City makes no claim the evidence was insufficient if all of owner's evidence is considered; and when considered in the light most favorable to the verdict, *Royster v. Pittman*, 691 S.W.2d 305, 309 [13] (Mo.App.1985), the determination by the jury was supported by substantial evidence. Judgment affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.